UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **GREGORY SEITZ,** | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. 4:15-cv-01573-RWS |
| **J&M SECURITIES, LLC,** | ) |
| *Defendant.* | ) |

## FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant J&M Securities, LLC ("J&M" or "Defendant"), pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), within 21 days of filing its original Answer and Affirmative Defenses herein, and submits this First Amended Answer and Affirmative Defenses to Plaintiff Gregory Seitz's ("Plaintiff") Complaint.

## INTRODUCTION

1. Defendant admits Plaintiff's Complaint purports to allege a claim for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq*. ("FDCPA"). Defendant denies all allegations not specifically admitted herein and denies all liability to Plaintiff under the FDCPA.

2. Defendant admits Plaintiff has demanded a trial by jury, but denies all liability to Plaintiff.

## JURISDICTION

3. Defendant admits this Court generally has jurisdiction over claims arising under the FDCPA pursuant to 15 U.S.C. 1692k(d) and 28 U.S.C. 1331. Defendant denies all allegations not specifically admitted herein and deny all liability to Plaintiff under the FDCPA.

**PARTIES**

4. Defendant admits Plaintiff is a natural person who, upon information and belief, resides in St. Charles County, Missouri. The remaining allegations contained in Paragraph 4 of the Complaint state legal conclusions to which no response is required.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. The allegations contained in Paragraph 6 of the Complaint state a legal conclusion to which no response is required.

**FACTS**

7. Defendant admits having attempted to collect a debt from Plaintiff within the past twelve (12) months. Further answering, however, certain of Defendant's collection actions took place more than twelve (12) months prior to the filing of this Complaint, and are therefore time barred.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint. Further answering, this letter cannot form the basis of an FDCPA claim because it is barred by the statute of limitations.

9. Defendant states that the letter speaks for itself and is the best evidence of its contents. Further answering, this letter cannot form the basis of an FDCPA claim because it is barred by the statute of limitations.

10. Defendant states that the letter speaks for itself and is the best evidence of its contents. Further answering, this letter cannot form the basis of an FDCPA claim because it is barred by the statute of limitations.

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Defendant states that the letter speaks for itself and is the best evidence of its contents.

13. Defendant states that the letter speaks for itself and is the best evidence of its contents.

14. Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15. Defendant states that the letter speaks for itself and is the best evidence of its contents.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits it was charging interest in accordance with the terms of the judgment evidencing the debt, as well as the Missouri post-judgment interest statute, § 408.040.1 RSMo. (2000). Defendant denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant admits the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

## CLASS ALLEGATIONS

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant admits Paragraph 25 purports to allege Plaintiff is bringing his claim on behalf of the Class described in Paragraph 25 pursuant to Fed. R. Civ. P. 23. Defendant

denies all allegations and inferences specifically admitted herein, and specifically denies that the alleged Class is appropriate in this case.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant admits Plaintiff has no interest or relationship with Defendant. Defendant denies the remaining allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

## COUNT I:  VIOLATION OF THE FDCPA – ALL DEFENDANTS

41. Defendant incorporates by reference each of its answers to Paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

**AFFIRMATIVE DEFENSES**

  A. Part of the conduct alleged to have violated the FDCPA is time barred pursuant to the FDCPA's one-year statute of limitations, 15 U.S.C. § 1692k(d), in that Plaintiff received the first collection letter from Defendant on September 11, 2014, more than one year prior to the filing of this action.

  B. Of the remaining collection letters sent by Defendant to Plaintiff, all but the first letter contained disclosures that the amount of the balance may increase, thus negating Plaintiff's argument that such letters were deceptive or confusing with respect to the amount of the debt.

  C. The amount of the debt sought to be collected from Plaintiff was at all times accurate in that Defendant obtained a default judgment against Plaintiff which provided for interest to accrue at the contract rate, and in that the Missouri post-judgment interest statute, § 408.040.1 RSMo. (2000), provides for automatic accrual of interest on judgments, thus negating Plaintiff's argument that Defendant sought to unlawfully collect an inaccurate amount of the debt.

  D. Plaintiff's Complaint is barred, in part, with respect to any individual putative class member who has waived and/or released any claim or cause of action that he or she may otherwise have against Defendant by way of a settlement agreement and/or release.

  WHEREFORE, Defendant requests the Court dismiss Plaintiff's Complaint, with prejudice, and for such other and further relief as the Court deems appropriate.

        Respectfully submitted,

        LOWENBAUM LAW

        /s/ Matthew J. Aplington
        Matthew J. Aplington, #58565MO
        Julia M. Hodges, #64912MO
        222 South Central Avenue, Suite 900
        Clayton, Missouri 63105
        Telephone:  (314) 863-0092
        Facsimile:  (314) 746-4848
        maplington@lowenbaumlaw.com
        jhodges@lowenbaumlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this 2nd day of December, 2015, served a true and correct copy of the foregoing via the Court's Electronic Filing System upon the following counsel of record:

James Eason, Esq.
The Eason Law Firm, LLC
124 Gay Avenue, Suite 200
St. Louis, Missouri 63105
Telephone:  (314) 932-1066
Facsimile:  (314) 667-3161
james.w.eason@gmail.com

        /s/ Matthew J. Aplington